IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUDY DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>DAVIS STAFFING<br><br>    Defendant. | Case No. 1:18-cv-02172 |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 4(m), 8(a), 12(b)(1), and 12(b)(6)**

For the reasons set forth below, this Court should dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 4(m), 8(a), 12(b)(1), and 12(b)(6) because Plaintiff failed to serve the summons and complaint within ninety (90) days after the complaint was filed, because Plaintiff's discrimination claim fails to provide fair notice of her claims or at least suggest a plausible right to relief, Plaintiff failed to exhaust her administrative remedies with respect to her failure to accommodate and retaliation claims, and Plaintiff has no standing to pursue the instant claims.

**I.     Facts.**

On September 28, 2016, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunities Commission ("EEOC"). Ex. A.[1] Plaintiff's Charge alleged that Davis Staffing discriminated against her by failing to hire her on the basis of her disability.

---

[1] Though not attached to Plaintiff's Complaint, the Charge is part of the pleadings because Plaintiff's Complaint references the Charge and "[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Pl.'s Compl. at ¶7.1; *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

1

*Id.* On February 15, 2018, the EEOC dismissed Plaintiff's Charge and issued a notice of right to sue. Doc. No. 6 at 8. This Court received Plaintiff's Complaint of Employment Discrimination ("Complaint") on March 26, 2018 and said complaint was filed on April 3, 2018, Doc. No. 6. Plaintiff's summons and complaint were served upon Defendant on July 5, 2018, ninety three (93) days after the complaint was filed.

Plaintiff's Complaint alleges that Davis Staffing discriminated against her because of her disability in violation of the Americans with Disabilities Act ("ADA"), failed to reasonably accommodate her religion, and retaliated against her because she did something to assert rights protected by the ADA. Pl.'s Compl. at ¶¶9, 12-13. In support of her claims, Plaintiff alleges that:

> The defendant failed to recognize my hearing loss and assist me. I did not feel that I was being heard. I felt more stressed out. As I began to ask questions I wasn't getting the responses I needed and was rushed. I never got an opportunity to speak with anyone in the back as I was told by the supervisor. I had informed the receptionist that I am hearing impaired so that she could speak slowly but didn't do that so I could understand her.

*Id.* at ¶¶12-13. Plaintiff's Complaint requests only the following relief: "I would like to sue for being stressed out and due to my hearing loss feeling that I was not accepted." *Id.* at ¶16.

## II.   Standard for Dismissal.

Plaintiff is *pro se*. *Pro se* complaints are construed liberally and held to a less stringent standard than pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, *pro se* plaintiffs are not excused from meeting the basic requirements of Rule 8(a). See Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008). "A *pro se* complaint still must provide fair notice of the plaintiff's claims and at least suggest a plausible right to relief." *Lee v. Chicago Transit Authority*, 2016 U.S. Dist. LEXIS 156967, at *8-9 (N.D. Ill. Nov. 14, 2016).

2

To survive a motion to dismiss, Plaintiff's Complaint must assert a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The purpose of a motion to dismiss is to test the sufficiency of a complaint, and all well-pleaded factual allegations should be accepted as true. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

This Court must construe the Complaint's allegations in the light most favorable to Plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). Plaintiff, who is *pro se*, is held to "less stringent standards than formal pleadings drafted by lawyers." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "However, the court need not strain to find favorable inferences which are not apparent on the face of the complaint," and the Complaint must "state either direct or inferential allegations concerning all material elements necessary for recovery under the chosen legal theory." *Silk v. City of Chicago*, 1996 U.S. Dist. LEXIS 8334, at *14 (N.D. Ill. June 4, 1996).

### III. This Court Should Dismiss Plaintiff's Complaint Because it was Served Ninety Three (93) Days After the Complaint was Filed, in Violation of FRCP 4(m).

Plaintiff's complaint of employment discrimination was filed on April 3, 2018 and the summons for the complaint was issued on April 3, 2018.

Davis Staffing was not served with the summons and complaint until July 5, 2018, ninety three (93) days after the complaint had been filed. Therefore, this matter should be dismissed pursuant to FRCP 4(m) because the summons and complaint are to be served within ninety (90) days after the complaint was filed.

3

**IV. This Court Should Dismiss Plaintiff's ADA Discrimination Claim Because Plaintiff Fails to Allege Facts Sufficient to Establish That She is a Qualified Individual with a Disability under the ADA.**

"To prevail on her ADA discrimination claim," Plaintiff must show that, *inter alia*, "she is otherwise qualified to perform the essential functions of her job with or without reasonable accommodation." *Starchvill v. Dart*, 2018 U.S. Dist. LEXIS 119689, at *17-18 (N.D. Ill. July 18, 2018), citing *Basden v. Professional Transp., Inc.*, 714 F.3d 1034, 1037 (7th Cir. 2013).

Plaintiff's ADA discrimination claim alleges that she was denied employment by Defendant. Pl.'s Compl. at ¶5. The ADA prohibits "denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant." 42 USC §12112(b)(5)(B) (*emphasis added*). The ADA defines "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* at §12111(8). The Seventh Circuit holds that

> A plaintiff must pass a two-step test to be a "qualified individual with a disability." First, the individual must satisfy "the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc." Second, the individual must be able to "perform the essential functions of the position held or desired, with or without reasonable accommodation." … Whether the plaintiff meets the "qualified individual with a disability" definition is determined as of the time of the employment decision.

*Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 (7th Cir. 1996) (*internal citations omitted*).

Plaintiff's Complaint is devoid of any facts to suggest she "can perform the essential functions of the employment position that such individual holds or desires." Indeed, the Complaint fails to identify the position she applied for, what her job duties would have been, and what accommodation (if any) she would have required to perform them. In nearly identical

4

circumstances, the *Lee v. Chi. Transit Auth.* court dismissed a *pro se* plaintiff's complaint in part for this exact reason:

> Lee also fails to satisfy the second element of a claim for discrimination under the ADA: he has made no specific allegations regarding how he is otherwise qualified to perform the essential functions of his job with or without a reasonable accommodation. Like his second amended complaint, Lee's third amended complaint fails to allege what his job duties were, which duties he could perform, and which duties he could not perform due to his health issues. The Court is thus left to speculate regarding the essential functions of a Transportation Manager, whether Lee is qualified to perform those functions with or without reasonable accommodation, and what such accommodation might be.

2016 U.S. Dist. LEXIS 156967, at *12. The *Lee* plaintiff actually provided more detail than Plaintiff does, as the *Lee* plaintiff apparently provided a job title. In sum, this Court should dismiss Plaintiff's ADA discrimination claim because she fails to allege that she is a "qualified individual" who, "with or without reasonable accommodation, can perform the essential functions of the employment position that [she] desires."

## V. This Court Should Dismiss Plaintiff's Failure to Accommodate and Retaliation Claims Because Plaintiff Failed to Exhaust Her Administrative Remedies.

Following the EEOC's issuance of a right to sue letter, a plaintiff has the right to file suit in a federal court; however, "a plaintiff is barred from raising a claim … that had not been raised in his or her EEOC charge unless the claim is reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised." *Green v. Nat'l Steel Corp.*, 197 F.3d 894, 898 (7th Cir. 1999). This limitation serves two purposes: first, "it gives the employer some warning of the conduct about which the employee is aggrieved"; second, "it affords the agency and the employer an opportunity to attempt conciliation without resort to the courts." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).

Here, Plaintiff is barred from raising claims for failure to accommodate and retaliation because neither claim was raised in her Charge and claims for failure to accommodate and retaliation cannot be expected to develop from the investigation into her Charge.

   a.   *Plaintiff's Charge Fails to Reference Failure to Accommodate.*

In paragraph 12(d) of Plaintiff's complaint, Plaintiff checks the box alleging that Davis Staffing failed to reasonably accommodate the Plaintiff's religion, which was never discussed in Plaintiff's Charge of Discrimination. Even if Plaintiff meant to check box 12(e), it is well-settled that "a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA" and that "they are not like or reasonably related to one another, and one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability." *Fleszar v. AMA*, 2010 U.S. Dist. LEXIS 24468, at *13 (N.D. Ill. Mar. 11, 2010), *citing Green v. National Steel Corp.*, 197 F.3d 894, 898 (7th Cir. 1999). *See also Thompson v. Community Assistance Programs*, 2015 U.S. Dist. LEXIS 113491, at *8 (N.D. Ill. Aug. 27, 2015) ("Complaining of disparate treatment or wrongful discharge is insufficient to exhaust administrative remedies as to retaliation or failure to accommodate claims"); *Kaplan v. New Trier High Sch.*, 2011 U.S. Dist. LEXIS 58762 (N.D. Ill. May 31, 2011) (holding that a failure to accommodate claim exceeded the scope of an EEOC charge that alleged only disability discrimination); *Beard v. Don McCue Chevrolet*, 2012 U.S. Dist. LEXIS 99618, *10 (N.D. Ill. July 18, 2012) ("one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability").

Plaintiff's Charge alleges only that Defendant failed to hire her because of her disability; it does not reference any request for, or denial of, a reasonable accommodation. Ex. A. Thus,

this Court should dismiss Plaintiff's failure to accommodate claim for failure to exhaust her administrative remedies.

### b. *Plaintiff's Charge Fails to Reference Retaliation.*

It is also well-settled that "retaliation and discrimination charges are not considered like or reasonably related to one another." *Swearingen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864-65 (7th Cir. 2010). For example, in *Peters v. Renaissance Hotel Operating Co.*, the Seventh Circuit held that

> although given the option to check the box on the charge form indicating retaliation, [the plaintiff] did not do so. Keeping in mind that one of the purposes of the charge is to alert the employer to the offending behavior, we believe that [the plaintiff's] failure to mention any type of protected activity and his failure to identify retaliation as a basis for his charge preclude him from relying on the original charge of discrimination as a basis for his retaliation claim.

307 F.3d 535, 550 (7th Cir. 2002). *See also Reynolds v. Tangherlini,* 737 F.3d 1093, 1100 (7th Cir. 2013) (holding that the plaintiff failed to exhaust his retaliation claim where his EEOC charge alleged only discrimination); *Ulatowski v. John Sterling Corp.*, 2005 U.S. Dist. LEXIS 375 at 19 (N.D. Ill. Jan. 10, 2005) (holding that an ADA retaliation claim "exceed[ed] the scope of [the plaintiff's] EEOC charge, which alleged only failure to accommodate and wrongful discharge"); *Thompson v. Community Assistance Programs*, 2015 U.S. Dist. LEXIS 113491, at *10 (N.D. Ill. Aug. 27, 2015) (dismissing ADA retaliation claim where "[t]here is no mention of retaliation in the charge, nor has Thompson provided any documentation accompanying the charge demonstrating that the EEOC or Community was aware she intended to pursue a retaliation claim.")

Plaintiff's Charge contains no allegations relating to retaliation – indeed, Plaintiff did not check the "retaliation" box in the "discrimination based on" section. Ex. A. Consequently, this

Court should dismiss Plaintiff's ADA retaliation claim for failure to exhaust her administrative remedies.

VI. **This Court Should Dismiss Plaintiff's Retaliation Claim Because Plaintiff Cannot Prove Any Set of Facts that Would be Both Consistent With Her Allegations Regarding Retaliation and Entitle Her to Relief.**

Notably, Defendant could not have retaliated against Plaintiff for engaging in a protected activity. To prove a claim for retaliation under the ADA, Plaintiff must show that "(1) she engaged in statutorily protected activity; (2) she suffered an adverse action; and (3) there is a causal connection between the two." *Johnson v. City of Chicago Board of Education*, 142 F. Supp. 3d 675, 693 (N.D. Ill. 2015). "To establish causation on a claim for retaliation under the ADA, the Plaintiff must show that her protected activity was a 'substantial or motivating factor' behind the adverse employment action." *Id.*

"For the purposes of an ADA retaliation claim, statutorily protected expressions generally consist of either: 1) an employee's filing of an EEOC charge or participating in an investigation, proceeding, or hearing under the ADA; or 2) an employee's opposition to 'any act or practice' that is unlawful under the ADA." *McKay v. Town & Country Cadillac, Inc.*, 2002 U.S. Dist. LEXIS 7724, at *28 (N.D. Ill. Apr. 23, 2002). Plaintiff's Charge does not identify any protected activity in which she engaged, and the only protected activity identified in the Complaint – filing the Charge – occurred *after* the only alleged adverse employment action Plaintiff suffered, *i.e.*, Defendant's alleged refusal to hire her on the basis of her disability. Given that the adverse employment action occurred before the protected activity, Plaintiff cannot establish a causal connection between the two. This Court should thus dismiss Plaintiff's retaliation claim because it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations.

## VII. This Court Should Dismiss Plaintiff's Complaint Because She Already Received the Only Relief She Requests.

Plaintiff does not request that this Court direct Davis Staffing to hire her, nor does she request damages. Pl.'s Compl. at ¶16. Rather, Plaintiff requests only the following relief: "I would like to sue for being stressed out and due to my hearing loss feeling that I was not accepted." *Id.* By virtue of the EEOC's notice of right to sue, she already has the right to sue – meaning that she already has the only relief she asks this Court to grant. *Id.* at 8-10. This means that no controversy exists, and "[u]nder Article III, § 2 of the United States Constitution, federal court jurisdiction is limited to 'actual, ongoing controversies.'" *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 626 (7th Cir. 2007) ("Once a plaintiff's entire demand is satisfied, 'there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under FED. R. CIV. P. 12(b)(1), because he has no remaining stake.'"). Thus, this Court lacks jurisdiction over Plaintiff's claims because she already received the only relief she seeks, thereby eliminating the "case or controversy" requirement necessary to establish this Court's jurisdiction over Plaintiff's claims.

## VIII. Conclusion.

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rules of Civil Procedure 4(m), 8(a), 12(b)(1), and 12(b)(6) because Plaintiff failed to serve the summons and complaint on time, Plaintiff's ADA discrimination claim fails to provide fair notice of her claims or at least suggest a plausible right to relief; Plaintiff failed to exhaust her administrative remedies with respect to her failure to accommodate and retaliation claims; no relief could be granted under any set of facts that could be proved consistent with Plaintiff's claim for retaliation; and, Plaintiff already received the only relief she seeks, thereby

eliminating the "case or controversy" requirement necessary to establish this Court's jurisdiction over Plaintiff's claims.

Davis Staffing requests that the Plaintiff's complaint of employment discrimination be dismissed with prejudice for the above stated reasons, that Davis Staffing be awarded its attorney's fees for having to file this motion and supporting memorandum and for such other and further relief this Court deems just and equitable.

Dated this 25th day of July, 2018

                            **DAVIS STAFFING, INC.**

                            By: /s/ Joseph H. Laverty
                            Joseph H. Laverty
                            Attorney ID: 6220651
                            Wessels Sherman Joerg Liszka
                            Laverty Seneczko P.C.
                            101 West Second Street, Suite 307
                            Davenport, IA 52801
                            Telephone: 563-333-9102
                            Fax: 563-333-9105
                            Email: jolaverty@wesselssherman.com
                            **ATTORNEY FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUDY DAVIS, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:18-cv-2172 |
| | ) |
| v. | ) |
| | ) |
| DAVIS STAFFING | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 25th day of July, 2018, he served a true and correct copy of **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 4(m), 8(a), 12(b)(1), and 12(b)(6)** and this Certificate of Service electronically with the Clerk of Court through the ECF System and via U.S. Mail, postage fully prepaid, both of which provide service upon the following individual:

Judy Davis
59 East Craig Drive
Chicago Heights, IL 60411


/s/ Joseph H. Laverty
Joseph H. Laverty

EXHIBIT NO. _A_

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form<br>#17W0928.01 | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2017CF0622 |
|---|---|---|

Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (Indicate Mr. Ms. Mrs.) | | TELEPHONE NUMBER (Include area code) | |
|---|---|---|---|
| Ms. Judy Davis | | (773) 469-6105 | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | | DATE OF BIRTH |
| 59 East Craig Drive | Chicago Heights, Illinois 60411 | | M D YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE NUMBER (Include area code) |
|---|---|---|
| Davis Staffing, Inc. | 15+ | (708)-857-7511 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 5450 W. 95th Street | Oak Lawn, Illinois 60453 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Disability | //   9/20/16<br>☐ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I. A. ISSUE/BASIS
FAILURE TO HIRE – SEPTEMBER 20, 2016, BECAUSE OF MY DISABILITY, HEARING IMPAIRED

B. PRIMA FACIE ALLEGATIONS
1. I am an individual with a disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. Respondent had positions for temporary staff persons.

4. I applied and I am qualified for a position as a temporary staff person.

Page 1 of 2

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 28th DAY OF September 2016
_Donna M. Evans_
NOTARY SIGNATURE

OFFICIAL SEAL
DONNA M EVANS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/03/18

NOTARY STAMP

X _Judy Davis_   9-28-2016
SIGNATURE OF COMPLAINANT   DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

EEO-5 FORM (Rev. 7/12-INT)

Charge Number: 2017CF0622
Complainant: Judy Davis
Page 2 of 2

    5. On or about September 20, 2016, Respondent failed to hire me for a position as a temporary staff person. No reason was given.

    6. My disability is unrelated to my ability to perform the essential functions of a temporary staff person with a reasonable accommodation.

MFP/JJT/mfp